T.C. Memo. 1999-351

UNITED STATES TAX COURT

ROCKWELL BANKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22332-97.                Filed October 25, 1999.

Rockwell Banker, pro se.

Karen N. Sommers, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, Special Trial Judge:  Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$5,500 and an accuracy-related penalty pursuant to section
6662(a) in the amount of $1,100 for the taxable year 1994.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner is entitled to miscellaneous itemized deductions in excess of amounts conceded by respondent, and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Spring Valley, California, when the petition in this case was filed.

Petitioner and Judy Barber (Ms. Barber) were married in October 1994. Consequently, petitioner resided with Ms. Barber until April 11, 1995. On April 11, 1995, petitioner moved out of the marital home because of marital difficulties. Petitioner's marriage to Ms. Barber was annulled on September 21, 1995.

Petitioner and Ms. Barber filed a joint Federal income tax return for the year 1994. On their 1994 Federal income tax return, petitioner and Ms. Barber claimed miscellaneous itemized deductions of $37,066. In the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of the adjusted gross income. See sec. 67(a).

After applying the 2-percent limitation, petitioner and Ms. Barber claimed miscellaneous itemized deductions of $35,790.

On their joint 1994 Federal income tax return, petitioner and Ms. Barber reported gross income in the amount of $63,787. Petitioner's share of the gross income was $1,728. The balance of the gross income reported on the joint return was attributable to Ms. Barber. Petitioner and Ms. Barber both signed the joint return.

Respondent determined that petitioner is not entitled to the miscellaneous deductions he claimed on his 1994 Federal income tax return. In a related case, Barber v. Commissioner, docket No. 10083-98S, involving the 1994 taxable year, respondent agreed to a reduced deficiency. The reduced deficiency in that case resulted from respondent's concession that Ms. Barber had substantiated claimed job expenses and miscellaneous deductions of $17,091. Accordingly, respondent in this case has conceded that petitioner is entitled to miscellaneous itemized deductions of $17,091.

Petitioner has failed to introduce evidence that demonstrates that he is entitled to claim miscellaneous itemized deductions in excess of the amount conceded by respondent. Deductions are a matter of legislative grace. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). A taxpayer bears the burden of

substantiating the amount and purpose of the deductions claimed. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. Moreover, taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. Therefore, we hold that petitioner is not entitled to claim miscellaneous itemized deductions in excess of the amount conceded by respondent.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment. See sec. 6664(c).

On the basis of the record, we find that petitioner has failed to demonstrate that he was not negligent and also has failed to show that he did not disregard rules and regulations.

Petitioner has failed to furnish evidence that would substantiate his claimed miscellaneous itemized deductions. Petitioner's argument that he relied entirely on Ms. Barber with respect to the amount of the deductions is unavailing. Such reliance does not establish a lack of negligence. Petitioner signed the joint 1994 Federal income tax return and had a responsibility to check the accuracy of the return. See <u>Calhoun v. Commissioner</u>, T.C. Memo. 1992-189. We hold that petitioner is liable for the accuracy-related penalty under section 6662(a).

<u>Decision will be entered under Rule 155</u>.